IN RE LEEANNA B.*
(AC 35071)

Lavine, Beach and Bear, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued March 4—officially released April 3, 2013**

*Pamela S. Bacharach,* for the appellant (respondent mother).

*Jacqueline B.,* pro se, the appellee (intervenor paternal grandmother).

** April 3, 2013, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes

BEAR, J. The respondent mother of Leeanna B. (mother) appeals from the judgment of the Superior Court juvenile division (juvenile division) ordering her to provide the intervenor paternal grandmother of Leeanna (paternal grandmother) with visitation privileges in response to the paternal grandmother's motion for contempt. We vacate the judgment of the juvenile division and direct the Superior Court family division (family division) to dismiss the motion for contempt.

The procedural history of this case is somewhat complicated but will be condensed for our purposes. Leeanna was placed by the department of children and families (department) with her paternal grandmother, a relative foster care provider, shortly following her birth, and she remained in her care for approximately seventeen months. On March 18, 2010, the juvenile division revoked its prior disposition of commitment of Leeanna to the care, custody and control of the petitioner, the commissioner of children and families, and ordered that guardianship of her be restored to her mother and her respondent father, that physical custody be granted to her mother under an order of protective supervision, and that specific visitation be granted to her paternal grandmother. On August 17, 2010, the juvenile division allowed the order of protective supervision to expire, and it closed the juvenile case, noting, however, that existing custody orders would remain in effect.

While matters were proceeding in the juvenile division, the mother of Leeanna also brought an action for custody and support in the family division against the father of Leeanna (custody case). Following the closing of the child protection case by the juvenile division, the paternal grandmother, on August 20, 2010, filed a motion to intervene in the custody case in the family

division, seeking to continue her visitation with Leeanna. On September 20, 2010, the family division denied without prejudice her motion to intervene. The paternal grandmother did not appeal from that judgment. The family division subsequently rendered judgment in the custody case on July 19, 2011, granting, inter alia, sole custody of Leeanna to her mother.

On April 26, 2012, the paternal grandmother again filed a motion to intervene in the custody case in the family division, and, on May 14, 2012, she filed a motion for contempt, alleging that the mother of Leeanna had failed to provide her, since August of 2010, with visitation as had been ordered by the juvenile division. On July 27, 2012, the family division denied the paternal grandmother's motion to intervene without prejudice.[1]

---

[1] The paternal grandmother did not appeal from the judgment denying the motion to intervene, nor does it appear that she filed a petition for visitation pursuant to General Statutes § 46b-59.

General Statutes (Sup. 2012) § 46b-59, as recently amended by Public Acts 2012, No. 12-137, § 1, provides: "(a) As used in this section:

"(1) 'Grandparent' means a grandparent or great-grandparent related to a minor child by (A) blood, (B) marriage, or (C) adoption of the minor child by a child of the grandparent; and

"(2) 'Real and significant harm' means that the minor child is neglected, as defined in section 46b-120, or uncared for, as defined in said section.

"(b) Any person may submit a verified petition to the Superior Court for the right of visitation with any minor child. Such petition shall include specific and good-faith allegations that (1) a parent-like relationship exists between the person and the minor child, and (2) denial of visitation would cause real and significant harm. Subject to subsection (e) of this section, the court shall grant the right of visitation with any minor child to any person if the court finds after hearing and by clear and convincing evidence that a parent-like relationship exists between the person and the minor child and denial of visitation would cause real and significant harm."

"(c) In determining whether a parent-like relationship exists between the person and the minor child, the Superior Court may consider, but shall not be limited to, the following factors:

"(1) The existence and length of a relationship between the person and the minor child prior to the submission of a petition pursuant to this section;

"(2) The length of time that the relationship between the person and the minor child has been disrupted;

"(3) The specific parent-like activities of the person seeking visitation toward the minor child;

On July 30, 2012, however, the family division, sua sponte, reconsidered its denial of the motion for contempt and referred that motion to the juvenile division because that division originally had ordered that visitation be provided to the paternal grandmother.

"(4) Any evidence that the person seeking visitation has unreasonably undermined the authority and discretion of the custodial parent;

"(5) The significant absence of a parent from the life of a minor child;

"(6) The death of one of the minor child's parents;

"(7) The physical separation of the parents of the minor child;

"(8) The fitness of the person seeking visitation; and

"(9) The fitness of the custodial parent.

"(d) In determining whether a parent-like relationship exists between a grandparent seeking visitation pursuant to this section and a minor child, the Superior Court may consider, in addition to the factors enumerated in subsection (c) of this section, the history of regular contact and proof of a close and substantial relationship between the grandparent and the minor child.

"(e) If the Superior Court grants the right of visitation pursuant to subsection (c) of this section, the court shall set forth the terms and conditions of visitation including, but not limited to, the schedule of visitation, including the dates or days, time and place or places in which the visitation can occur, whether overnight visitation will be allowed and any other terms and conditions that the court determines are in the best interest of the minor child, provided such conditions shall not be contingent upon any order of financial support by the court. In determining the best interest of the minor child, the court shall consider the wishes of the minor child if such minor child is of sufficient age and capable of forming an intelligent opinion. In determining the terms and conditions of visitation, the court may consider (1) the effect that such visitation will have on the relationship between the parents or guardians of the minor child and the minor child, and (2) the effect on the minor child of any domestic violence that has occurred between or among parents, grandparents, persons seeking visitation and the minor child.

"(f) Visitation rights granted in accordance with this section shall not be deemed to have created parental rights in the person or persons to whom such visitation rights are granted, nor shall such visitation rights be a ground for preventing the relocation of the custodial parent. The grant of such visitation rights shall not prevent any court of competent jurisdiction from thereafter acting upon the custody of such child, the parental rights with respect to such child or the adoption of such child and any such court may include in its decree an order terminating such visitation rights.

"(g) Upon motion, the court may order the payment of fees for another party, the attorney for the minor child, the guardian ad litem, or any expert by any party in accordance with such party's financial ability."

After conducting a hearing on the motion for contempt, the juvenile division found that the mother was not in contempt because she reasonably believed that the orders of visitation had expired in August of 2010 when the juvenile case was closed. The juvenile division, however, also concluded that its visitation orders still were in effect and that it was in the best interest of Leeanna to have visitation with her paternal grandmother. Because there had been a cessation of visitation, the juvenile division ordered a graduated schedule of visitation to the paternal grandmother in order to prepare Leeanna for the renewal of regular visitation. This appeal followed.

The mother claims in relevant part that the paternal grandmother lacked standing to bring a motion for contempt in the custody case in the family division and that the family division improperly referred the motion to the juvenile division. We agree with both contentions.

"When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of an issue . . . ." (Internal quotation marks omitted.) *Smith* v. *Snyder*, 267 Conn. 456, 460, 839 A.2d 589 (2004). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *In re Christina M.*, 280 Conn. 474, 480, 908 A.2d 1073 (2006). "[A] court lacks discretion to consider the merits of a case [or claim] over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) *Warner* v. *Bicknell*, 126 Conn. App. 588, 596, 12 A.3d 1042 (2011).

Here, the paternal grandmother filed two motions to intervene in the custody case in the family division. Both of those motions were denied without prejudice. She did not appeal from either judgment. The paternal grandmother also filed a motion for contempt in the custody case in the family division, but she was not a party to that action, the court twice having denied her intervenor status. Because she was not a party to that action, she had no standing to file a motion for contempt in that action, and the family division should have dismissed her motion.[2]

The judgment of the Superior Court juvenile division is vacated and the case is remanded to that court with direction to transfer the motion for contempt back to the Superior Court family division, and that court is directed to dismiss the motion.

In this opinion the other judges concurred.

---

[2] Instead, however, the family division transferred the motion to the juvenile division because prior visitation orders had been issued there. Those prior orders, however, were superseded by the orders of the family division after the juvenile case was closed. Accordingly, the family division should not have transferred the motion, but should have dismissed it for lack of jurisdiction.

